Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
info@rodriguezlaw.com

Richard J. (Rex) Burch*
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

Michael A. Josephson*
Texas State Bar No. 24014780
Andrew W. Dunlap*
Texas State Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

*Pro hac vice applications forthcoming*

*Attorneys for Loehr and the Hourly Employees*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SAMANTHE LOEHR, Individually and On Behalf of Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>KG MINING (BALD MOUNTAIN) INC.,<br><br>       Defendant. | Case No. _____<br><br>**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);<br><br>(2) Failure to Pay for All Hours Worked Under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.016).<br><br>(3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution;<br><br>(4) Failure to Pay Overtime under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.018); and |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

SUMMARY

1.      Samanthe Loehr (Loehr) brings this class and collective action to recover unpaid wages and other damages from KG Mining (Bald Mountain) Inc. (KG Mining) for violations of the Fair Labor Standards Act (FLSA) and Nevada law.

2.      KG Mining employs Loehr as one of its Hourly Employees (defined below).

3.      KG Mining pays Loehr and the other Hourly Employees by the hour.

4.      Loehr and the other Hourly Employees regularly work more than 40 hours a workweek.

5.      However, KG Mining does not pay Loehr and the other Hourly Employees for all their hours worked, including overtime hours.

6.      Rather, KG Mining requires Loehr and the other Hourly Employees to gather tools and equipment necessary to perform their job duties and suit out in protective clothing and safety gear necessary to safely perform their job duties "off the clock" prior the start of their shifts.

7.      Likewise, KG Mining requires Loehr and the other Hourly Employees to wash-up, change out of their safety gear and protective clothing, and store their tools and equipment "off the clock" following the end of their shifts.

8.      But KG Mining does not pay Loehr and the other Hourly Employees for this time before and after their shifts (¶¶ 6 and 7 collectively KG Mining's "pre/post shift off the clock policy").

9.      KG Mining's pre/post shift off the clock policy violates the FLSA and Nevada law by depriving Loehr and the other Hourly Employees of wages, including overtime wages, for all hours worked.

10.     Likewise, KG Mining's pre/post shift off the clock policy violates Nevada Law by depriving Loehr and the other Hourly Employees of timely payment of earned wages for all hours worked upon termination of their employment.

11.     In addition to failing to pay Loehr and the other Hourly Employees for all their hours worked, KG Mining also fails to pay them overtime at the required premium rate.

12.     Instead, KG Mining pays them non-discretionary bonuses calculated based on factors established by KG Mining, including production, environmental considerations, and safety, in combination with the number of hours worked by each Hourly Employee.

13.     KG Mining knows these bonuses must be, but are not, included in the Hourly Employees' regular rates of pay for overtime purposes (KG Mining's "bonus pay scheme").

14.     KG Mining's bonus pay scheme violates the FLSA and Nevada law by depriving Loehr and the other Hourly Employees of overtime at rates not less than 1.5 times their regular rates of pay —based on all remuneration—for hours worked in excess of 40 a workweek.

15.     Likewise, KG Mining's bonus pay scheme violates Nevada law by depriving Loehr and the other Hourly Employees of timely payment of earned wages for all hours worked, including overtime hours, upon termination of their employment.

### JURISDICTION & VENUE

16.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

17.     This Court has supplemental jurisdiction of the state-law claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

18.     This Court has general personal jurisdiction over KG Mining because KG Mining maintains its principal place of business in Nevada.

19.     Venue is proper because KG Mining maintains its principal place of business in Nevada, which is in the District of Nevada. *See* 28 U.S.C. § 1391(b)(1).

### PARTIES

20.     KG Mining employed Loehr in its KG Mining Mine in its Bald Mountain, Nevada gold mine from approximately July 2022 until December 2023.

21.     KG Mining classified Loehr as non-exempt and paid her by the hour.

22.     KG Mining subjects Loehr to its pre/post shift off the clock policy and bonus pay scheme.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

23.     Loehr' written consent is attached as **Exhibit 1**.

24.     Loehr brings this class and collective action on behalf of herself and other similarly situated KG Mining employees who were also subject to KG Mining's pre/post shift off the clock policy and/or bonus pay scheme.

25.     The FLSA collective of similarly situated employees is defined as:

> **All hourly KG Mining employees during the past 3 years through final resolution of this action ("FLSA Collective Members").**

26.     Loehr also seeks to represent a class under Nevada law pursuant to FED. R. CIV. P. 23.

27.     The Nevada Class of similarly situated employees is defined as:

> **All hourly KG Mining employees during the past 3 years in Nevada through final resolution of this action ("Nevada Class Members").**

28.     The FLSA Collective Members and Nevada Class Members are collectively referred to as the "Hourly Employees."

29.     KG Mining is a Delaware corporation.

30.     KG Mining may be served with process by serving its registered agent: **United Agent Group Inc., 8275 S. Eastern Ave., Ste. 200, Las Vegas, Nevada 89123**.

### FLSA COVERAGE

31.     At all relevant times, KG Mining has been an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

32.     At all relevant times, KG Mining has been an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

33.     At all relevant times, KG Mining has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials—such as personal protective equipment, tools, drills, computers, tablets, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

34.     At all relevant times, KG Mining has had an annual gross volume of revenue made or business done of over $1,000,000 each year.

35.     At all relevant times, Loehr and the other Hourly Employees have been KG Mining's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

36.     At all relevant times, Loehr and the other Hourly Employees have been engaged in commerce or in the production of goods for commerce.

## FACTS

37.     KG Mining operates the Bald Mountain mine, which is "is an open-pit mine with a large estimated mineral resource base located in Nevada along the southern extension of the prolific Carlin trend, and was acquired by Kinross in January 2016."[1]

38.     KG Mining is 100% owned by Kinross Gold U.S.A., Inc., which owns, controls, and operates four mines in the United States, two in Nevada and two in Alaska.[2]

39.     To meet its business objectives, KG Mining hires workers, like Loehr and the other Hourly Employees.

40.     While exact job titles and job duties may differ, Loehr and the other Hourly Employees are all subject to KG Mining's same or similar illegal policies—its pre/post shift off the clock policy and bonus pay scheme—while performing the same or similar work.

41.     For example, Loehr has worked for KG Mining as a haul truck driver from approximately July 2022 until December 2023.

42.     As a haul truck driver, Loehr's job duties included operating a haul truck to receive ore and/or dirt and driving the haul truck to offload the ore and/or dirt at the unloading site designated by KG Mining.

---

[1] https://www.kinross.com/operations/default.aspx#americas-baldmountainusa (last visited March 25, 2025).

[2] *Id. and* https://www.kinross.com/operations/default.aspx and (last visited March 25, 2025).

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

43.     Loehr' job duties likewise included donning and doffing safety gear and protective clothing, gathering and storing tools and equipment, completing vehicle inspection forms, and washing up on KG Mining's premises, "off the clock," before and after her scheduled shifts.

44.     KG Mining paid Loehr by the hour.

45.     KG Mining paid Loehr approximately $33.54 an hour.

46.     Throughout her employment, Loehr has worked 4 days a week for approximately 12 hours a day "on the clock" (48 hours a week).

47.     Likewise, the other Hourly Employees generally work approximately 4 days a week for approximately 12 hours a day "on the clock" (48 hours a week).

48.     KG Mining requires Loehr and the other Hourly Employees to track their "on the clock" hours worked using KG Mining's designated timekeeping system.

49.     But throughout their employment, KG Mining has not paid Loehr and the other Hourly Employees for all their hours worked.

50.     Instead, KG Mining subjects Loehr and the other Hourly Employees to its pre/post shift off the clock pay scheme.

51.     For example, KG Mining requires Loehr to dress out in her protective clothing and safety gear (including hard hat, reflective clothing, ear protection, steel toed boots, safety glasses, gloves), gather tools and equipment necessary to performing her job, and obtain vehicle inspection forms, prior to her shifts, "off the clock," and without compensation.

52.     This takes Loehr approximately 10 to 15 minutes each workday.

53.     Loehr could not perform her job duties in accordance with KG Mining's policies, procedures, and expectations without this protective clothing, safety gear, tools, equipment, and forms.

54.     Loehr could not safely perform her job duties in accordance with KG Mining's policies, procedures, and expectations without this protective clothing, safety gear, tools, equipment, and forms.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

55.     Indeed, much of the safety gear Loehr must utilize is mandated by federal regulation. *See e.g.*, 29 C.F.R. § 1910.132; 30 C.F.R. § 56, *et seq*; 30 C.F.R. § 57, *et seq*.

56.     The donning of protective clothing and safety gear and gathering of tools and equipment and obtaining appropriate forms are integral and indispensable work duties for Loehr.

57.     Likewise, KG Mining required Loehr to remove and store her safety gear and protective clothing, store her tools and equipment, and wash up after "clocking out" for her shifts, "off the clock" and without compensation.

58.     This took Loehr approximately 10 to 15 minutes each workday.

59.     Loehr could not perform her job duties in accordance with KG Mining's policies, procedures, and expectations without removing and storing her safety gear and protective clothing, storing her tools and equipment, and washing up.

60.     Loehr could not safely perform her job duties in accordance with KG Mining's policies, procedures, and expectations without removing her safety gear and protective clothing, washing and inspecting her safety gear, storing her tools and equipment, and washing up each day.

61.     The removal, washing, and inspecting of her safety gear and protective clothing, storing her tools and equipment, and washing up, are therefore integral and indispensable work duties for Loehr.

62.     But under its pre/post shift off the clock policy, KG Mining does not compensate Loehr for the same.

63.     Thus, because of its pre/post shift off the clock policy, KG Mining fails to pay Loehr wages for all hours worked, including overtime wages for all overtime hours worked, in violation of the FLSA and Nevada Law.

64.     Loehr and the other Hourly Employees perform their jobs under KG Mining's supervision and use materials, equipment, and technology KG Mining approves and supplies.

65.     KG Mining requires Loehr and the other Hourly Employees to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

66.    At the end of each pay period, Loehr and the other Hourly Employees receive wages from KG Mining that are determined by common systems and methods that KG Mining selects and controls.

67.    But, just as with Loehr, KG Mining fails to pay the other Hourly Employees for all their hours worked.

68.    Indeed, KG Mining subjects the other Hourly Employees to its pre/post shift off the clock policy.

69.    Specifically, like Loehr, KG Mining requires the other Hourly Employees to dress out in their protective clothing and safety gear (including hard hat, reflective clothing, ear protection, steel toed boots, safety glasses, gloves), gather other tools and equipment fundamentally necessary to performing their jobs, and obtain required inspection forms, prior to their scheduled shifts, "off the clock," and without compensation.

70.    As with Loehr, much of the safety gear the other Hourly Employees must utilize is mandated by federal regulation. *See e.g.*, 29 C.F.R. § 1910.132; 30 C.F.R. § 56, *et seq*; 30 C.F.R. § 57, *et seq.*

71.    And KG Mining requires the other Hourly Employees to remove and store their safety gear and protective clothing, store other their tools and equipment, and wash up after "clocking out" for their shifts, "off the clock" and without compensation.

72.    But, like Loehr, the other Hourly Employees are forced to perform this compensable work "off the clock" before and/or after their scheduled shifts.

73.    And, just as with Loehr, KG Mining does not pay the other Hourly Employees for this integral and indispensable work they perform "off the clock" before and after their scheduled shifts.

74.    And like Loehr, these job duties take the other Hourly Employees approximately 20 to 30 minutes each workday.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

75.    KG Mining fails to exercise its duty as the Hourly Employees' employer to ensure they are not performing work "off the clock" on its premises that KG Mining does not want performed.

76.    And KG Mining knows, should know, or recklessly disregards whether Loehr and the other Hourly Employees routinely perform work "off the clock," and without compensation, before and after their scheduled shifts.

77.    Thus, KG Mining requires, requests, suffers, or permits Loehr and the other Hourly Employees to work "off the clock," without compensation, before and after their scheduled shifts.

78.    Despite accepting the benefits, KG Mining does not pay Loehr and the other Hourly Employees for the compensable work they perform "off the clock" before and after their scheduled shifts.

79.    Thus, under KG Mining's pre/post shift off the clock policy, Loehr and the other Hourly Employees are denied wages, including overtime wages, for compensable work they perform "off the clock" before and after their scheduled shifts, in violation of the FLSA and Nevada law.

80.    Further, throughout their employment, KG Mining paid Loehr and the other Hourly Employees according to its bonus pay scheme.

81.    Specifically, KG Mining paid Loehr and the other Hourly Employees non-discretionary bonuses calculated based on several factors including safety, productivity and environmental factors that KG Mining selected, in combination with the number of hours worked by each Hourly Employee.

82.    KG Mining gave these non-discretionary bonuses labels including, "Bns Qtr Prod" and "Bonus Usa."

83.    For example, during the pay period ending November 5, 2023, KG Mining paid Loehr a $1,941.44 "Bns Qtr Prod," which can be determined by comparing the "year to date" total of Bns Qtr Prod with the previous pay period ending October 22, 2023 ($6,546.38 - $4,604.94).

84.    And Loehr worked 10 "on the clock" overtime hours during the pay period ending November 5, 2023:

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 33.5400 | 52.50 | 1,760.85 | 26,064.17 |
| Overtime | 50.3100 | 10.00 | 503.10 | 5,856.49 |
| Npto Approve | | 8.00 | | |
| Pto Used | 33.5400 | 16.00 | 536.64 | 3,633.60 |
| Bns Qtr Prod | | | | 6,546.38 |
| Bonus Usa | | | | 313.00 |
| BM Night OT | | | | 4,498.84 |
| BM NIGHT | | | | 20,889.22 |
| BM Unsch Nt | | | | 533.25 |
| BMUnschNtOT | | | | 1,706.56 |
| Hol Hrs Wk | | | | 2,508.55 |
| Holiday | | | | 2,064.64 |
| Unsched Reg | | | | 1,550.41 |
| **Gross Pay** | | | **$2,800.59** | 76,165.11 |

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 33.5400 | 37.50 | 1,257.75 | 24,303.32 |
| BM Night OT | 51.0600 | 10.00 | 510.60 | 4,498.84 |
| BM NIGHT | 34.0400 | 40.00 | 1,361.60 | 20,889.22 |
| BM Unsch Nt | 34.0400 | 2.50 | 85.10 | 533.25 |
| BMUnschNtOT | 50.3100 | 10.00 | 503.10 | 1,706.56 |
| Overtime | | | | 5,353.39 |
| Bns Qtr Prod | | | | 4,604.94 |
| Bonus Usa | | | | 313.00 |
| Hol Hrs Wk | | | | 2,508.55 |
| Holiday | | | | 2,064.64 |
| Pto Used | | | | 3,096.96 |
| Unsched Reg | | | | 1,550.41 |
| **Gross Pay** | | | **$3,718.15** | 71,423.08 |

85.    But KG Mining failed to calculate this bonus into Loehr's regular rate of pay for the purpose of calculating overtime wages.

86.    KG Mining knew these non-discretionary bonuses should have been, but were not, included in Loehr's and the other Hourly Employees' regular rates of pay for overtime purposes.

87.    As a result, KG Mining fails to pay Loehr and the other Hourly Employees overtime wages at a rate not less than 1.5 times their regular rates of pay—based on all remuneration—for hours worked over 40 a workweek, in violation of the FLSA and Nevada law.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

88.    Loehr brings her claims as a class and collective action under Section 216(b) of the FLSA and under Nevada law pursuant to Fed. R. Civ. P. 23.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

89.    Like Loehr, the other Hourly Employees are victimized by KG Mining's pre/post shift off the clock policy and/or bonus pay scheme.

90.    Other Hourly Employees worked with Loehr and indicated they were paid in the same manner, performed similar work, and were subject to KG Mining's same pre/post shift off the clock policy and/or bonus pay scheme.

91.    Based on her experiences with KG Mining, Loehr is aware KG Mining's pre/post shift off the clock policy and bonus pay scheme were imposed on other Hourly Employees.

92.    The Hourly Employees are similarly situated in the most relevant respects.

93.    Even if their precise job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to wages for all hours worked, including overtime wages.

94.    Rather, the Hourly Employees are held together by KG Mining's pre/post shift off the clock policy and bonus pay scheme, which systematically deprive Loehr and the other Hourly Employees of required wages, including required overtime wages, for all hours worked, including hours in excess of 40 hours in a workweek.

95.    Therefore, the specific job titles or precise job locations of the Hourly Employees do not prevent class or collective treatment.

96.    KG Mining's failure to pay these employees "straight time" and overtime wages at the rates required by the FLSA and/or Nevada law results from generally applicable, systematic policies, and practices that are not dependent on the personal circumstances of the Hourly Employees.

97.    The Hourly Employees are denied wages and overtime wages at the required premium rate for all overtime hours worked when they work more than 40 hours in a workweek.

98.    KG Mining's records show the number of hours the Hourly Employees worked "on the clock" each workweek.

99.    The back wages owed to Loehr and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

100.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to KG Mining's records, and there is no detraction from the common nucleus of liability facts.

101.     Therefore, the issue of damages does not preclude class or collective treatment.

102.     Loehr' experiences are therefore typical of the experiences of the other Hourly Employees.

103.     Loehr has no interest contrary to or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

104.     Like each Hourly Employee, Loehr has an interest in obtaining the unpaid wages owed under federal and Nevada law.

105.     Loehr and her counsel will fairly and adequately protect the interests of the other Hourly Employees.

106.     Loehr retained counsel with significant experience in complex class and collective action litigation.

107.     A class and collective action is superior to other available means for fair and efficient adjudication of this action.

108.     Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and KG Mining will reap the unjust benefits of violating the FLSA and Nevada law.

109.     Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome.

110.     Indeed, the multiplicity of actions would create a hardship for the Hourly Employees, the Court, and KG Mining.

111.     Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

112.     The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual Hourly Employees.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

113. Among the common questions of law and fact are:

    a.    Whether KG Mining's pre/post shift off the clock policy failed to compensate the Hourly Employees for all hours worked;

    b.    Whether KG Mining's pre/post shift off the clock policy deprived the Hourly Employees of overtime when they worked more than 40 hours in a workweek;

    c.    Whether KG Mining's pre/post shift off the clock policy deprived the Hourly Employees of earned wages upon termination of employment;

    d.    Whether KG Mining's bonus pay scheme deprived the Hourly Employees of overtime at the required rate, based on all remuneration, when they worked more than 40 hours in a workweek;

    e.    Whether KG Mining's bonus pay scheme deprived the Hourly Employees of earned wages, including overtime wages, upon termination of employment;

    f.    Whether KG Mining's decision not to pay the Hourly Employees all "straight time" and overtime wages due was made in good faith; and

    g.    Whether KG Mining's violations were willful?

114. KG Mining's pre/post shift off the clock policy and bonus pay scheme deprived Loehr and the other Hourly Employees of wages, including overtime wages, they are owed under federal and Nevada law.

115. There are many similarly situated Hourly Employees who have been denied wages, including overtime wages, in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

116. The Hourly Employees are known to KG Mining and can be readily identified and located through KG Mining's business and personnel records.

### KG MINING'S VIOLATIONS WERE WILLFUL

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

117. KG Mining knew it was subject to the FLSA's overtime provisions and Nevada Law's minimum wage, hours of work, overtime, and earned wages provisions.

118. KG Mining knew the FLSA and Nevada law required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

119. KG Mining knew each Hourly Employee worked more than 40 hours in at least one workweek during the relevant period.

120. KG Mining knew it paid its Hourly Employees according to its pre/post shift off the clock policy and/or bonus pay scheme.

121. KG Mining knew it had a duty to ensure its Hourly Employees were not performing work "off the clock" (without pay).

122. KG Mining knew it required the Hourly Employees to don and doff safety gear and protective clothing, gather and store tools and equipment, and wash-up "off the clock."

123. KG Mining knew it controlled the Hourly Employees' work procedures.

124. KG Mining knew its Hourly Employees' mandatory "off the clock" work was a fundamental requirement of their jobs.

125. KG Mining knew its Hourly Employees' mandatory "off the clock" work was an integral and indispensable requirement of their jobs.

126. KG Mining knew its Hourly Employees routinely performed this daily, required "off the clock" work for KG Mining's benefit.

127. In other words, KG Mining knew its Hourly Employees performed compensable work (*e.g.*, donning/doffing their safety gear and protective clothing, gathering and storing tools and equipment, inspecting and washing equipment, washing-up) "off the clock" and without compensation.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

128. KG Mining knew its pre/post shift off the clock policy and bonus pay scheme failed to compensate the Hourly Employees for all hours worked, including overtime hours, at the required rates.

129. KG Mining knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA and Nevada law.

130. KG Mining knowingly, willfully, and/or in reckless disregard carried out its pre/post shift off the clock policy and bonus pay scheme that systematically deprived the Hourly Employees of "straight time" wages, earned wages, and overtime for their hours worked over 40 in a workweek, in violation of the FLSA and Nevada law.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

131. Loehr bring her FLSA claim as a collective action on behalf of herself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

132. KG Mining violated, and is violating, the FLSA by employing non-exempt employees (Loehr and the other FLSA Collective Members) in a covered enterprise for workweeks in excess of 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

133. KG Mining's unlawful conduct harmed Loehr and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

134. Accordingly, KG Mining owes Loehr and the other FLSA Collective Members the difference between the rate actually paid and the required overtime rate based on all remuneration.

135. Because KG Mining knew, or showed reckless disregard for whether, its pre/post shift off the clock policy and/or bonus pay scheme violated the FLSA, KG Mining owes Loehr and the other FLSA Collective Members these wages for at least the past 3 years.

136. KG Mining is also liable to Loehr and the other FLSA Collective Members for an amount equal to all their unpaid wages as liquidated damages.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

137.    Finally, Loehr and the other FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

**COUNT II**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(NEVADA CLASS MEMBERS)**

138.    Loehr brings her claim for failure to pay for all hours worked as a class action on behalf of herself and the other Nevada Class Members under Nevada law pursuant to Fed. R. Civ P 23.

139.    Loehr has a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

140.    At all relevant times, KG Mining was subject to Nevada law because KG Mining was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

141.    At all relevant times, KG Mining employed Loehr and each Hourly Employee as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

142.    NRS 608.016 provides that "an employer shall pay to the employee[s] wages for each hour the employee[s] worked." Nev. Rev. Stat. § 608.016.

143.    Specifically, pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." Nev. Admin. Code 608.115(1).

144.    KG Mining failed to compensate Loehr and the other Nevada Class Members for all hours worked, as described in this Complaint.

145.    Accordingly, Loehr "bring[s] a civil action to recover the difference between the amount paid to [Loehr and the Nevada Class Members] and the amount of the minimum wage," for each hour worked. Nev. Rev. Stat. § 608.260.

146.    As noted, KG Mining did not compensate Loehr and the other Nevada Class Members for integral and indispensable work before and after their shifts, performed under KG Mining's direction and control and on KG Mining's premises.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

147.    Nevada's Minimum Wage Amendment to the Nevada Constitution, Nev. Const. Art. 15, § 16, guarantees a minimum wage for each individual hour worked, rather than as an average over a workweek. *See Porteous v. Capital One Servs. II, LLC*, 809 F. App'x 354, 357 (9th Cir. 2020).

148.    Loehr and the other Nevada Class Members have been deprived of their rightfully earned wages as a direct and proximate result of KG Mining's company-wide policies and practices.

149.    As a direct and proximate result, Loehr and the other Nevada Class Members have suffered, and continue to suffer, substantial damages.

150.    KG Mining regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by NRS 608.115, with respect to Loehr and the Nevada Class Members.

151.    Through this unlawful course of conduct, KG Mining has deprived and continues to deprive Loehr and the Nevada Class Members of records necessary to calculate with precision the compensation due to them.

152.    KG Mining's actions were (and are) willfully oppressive, fraudulent and malicious, entitling Loehr and the Nevada Class Members to punitive damages.

153.    KG Mining's violations were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to the claims.

154.    In accordance with N.R.S. 608.140, demand has been made to KG Mining for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

155.    Accordingly, Loehr and the Nevada Class Members are entitled to recover their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all unpaid hours worked, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law. *See* Nev. Rev. Stat. § 608.005 *et seq.*

### COUNT III
### FAILURE TO PAY MINIMUM WAGES
### (NEVADA CLASS MEMBERS)

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

156.    Loehr brings her failure to pay minimum wages claim as a class action on behalf of herself and the other Nevada Class Members under Nevada law and pursuant to Fed. R. Civ P 23.

157.     Loehr has a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

158.    At all relevant times, KG Mining was subject to Nevada law because KG Mining was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

159.    At all relevant times, KG Mining employed Loehr and each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

160.    Nev. Const. Art. 15, § 16 sets forth the minimum wage requirements in the State of Nevada. Section 16 provides that:

> The provisions of the section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of the section may bring an action against his or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs.

161.    Accordingly, Loehr and the Nevada Class Members are entitled to recover their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all unpaid hours worked, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law.

## COUNT IV
### FAILURE TO PAY OVERTIME WAGES
### (NEVADA CLASS MEMBERS)

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

162.    Loehr brings her failure to pay overtime claim as a class action on behalf of herself and the other Nevada Class Members under Nevada law and pursuant to Fed. R. Civ P 23.

163.    Loehr has a private cause of action for unpaid overtime wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

164.    At all relevant times, KG Mining was subject to Nevada law because KG Mining was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

165.    At all relevant times, KG Mining employed Loehr and each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

166.    Nevada law requires that employers, such as KG Mining, pay employees, such as Loehr and the Nevada Class Members at least 1.5 times their regular rate of pay for all hours worked in excess of 40 a workweek. Nev. Rev. Stat. § 608.018(2).

167.    Loehr and the Nevada Class Members have been deprived of their overtime wages at the required rate—based on all remuneration—for all hours worked in excess of 40 a workweek as a direct and proximate result of KG Mining's pre/post shift off the clock policy and bonus pay scheme.

168.    KG Mining regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by NRS 608.115, with respect to Loehr and the Nevada Class Members.

169.    Through this unlawful course of conduct, KG Mining has deprived and continues to deprive Loehr and the Nevada Class Members of records necessary to calculate with precision the overtime compensation due to them.

170.    KG Mining's actions were willfully oppressive, fraudulent and malicious, entitling Loehr and the Nevada Class Members to punitive damages.

171.    KG Mining's violations were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

172.    In accordance with N.R.S. 608.140, demand has been made to KG Mining for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

173.    Accordingly, Loehr and the Nevada Class Members are entitled to recover unpaid overtime wages owed, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law. *See* N.R.S. § 608.005 *et seq.*

### JURY DEMAND

174.    Loehr demands a trial by jury on all Counts.

### RELIEF SOUGHT

WHEREFORE, Loehr, individually and on behalf of the other Hourly Employees, seeks the following relief:

a.    An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.    An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.    An Order appointing Loehr and her counsel to represent the interests of the Hourly Employees;

d.    An Order finding KG Mining liable to Loehr and the Hourly Employees for their unpaid overtime wages, liquidated damages, and any penalties, owed under the FLSA, plus interest;

e.    An Order finding KG Mining liable to Loehr and the Hourly Employees for their unpaid minimum wages, overtime wages, earned wages, penalties, and all damages, including punitive damages, owed and available under Nevada law, plus interest;

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

f.    A Judgment against KG Mining awarding Loehr and the Hourly Employees all their unpaid wages, including overtime wages, liquidated damages, statutory damages, and any other penalties available under the FLSA and/or Nevada law;

g.    An Order awarding attorney's fees, costs, and expenses;

h.    Pre- and post-judgment interest at the highest applicable rates; and

i.    Such other and further relief as may be necessary and appropriate.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

Dated: April 9, 2025.                                      Respectfully submitted,

                                                          **RODRIGUEZ LAW OFFICES, P.C.**

                                                          By: /s/ Esther Rodriguez
                                                          Esther C. Rodriguez
                                                          Nevada State Bar No. 006473
                                                          10161 Park Run Drive, Suite 150
                                                          Las Vegas, Nevada 89145
                                                          Tel: (702) 320-8400; Fax: (702) 320-8401
                                                          info@rodriguezlaw.com

                                                          Michael A. Josephson*
                                                          Andrew W. Dunlap*
                                                          **JOSEPHSON DUNLAP LLP**
                                                          11 Greenway Plaza, Suite 3050
                                                          Houston, Texas 77046
                                                          713-352-1100 – Telephone
                                                          713-352-3300 – Facsimile
                                                          mjosephson@mybackwages.com
                                                          adunlap@mybackwages.com

                                                          Richard J. (Rex) Burch*
                                                          **BRUCKNER BURCH PLLC**
                                                          11 Greenway Plaza, Suite 3025
                                                          Houston, Texas 77046
                                                          713-877-8788 – Telephone
                                                          rburch@brucknerburch.com

                                                          *Pro hac vice applications forthcoming*

                                                          **ATTORNEYS FOR LOEHR &
                                                          THE HOURLY EMPLOYEES**

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Loehr v. KG Mining (Bald Mountain) Inc.*

# Exhibit 1

<u>CONFIDENTIAL FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT</u>

Print Name: <u>Samanthe Jean Loehr</u>

1. I hereby consent to make a claim against <u>Kinross Gold</u> to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against <u>Kinross Gold</u>.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: <u>Samanthe Jean (Sep 30, 2024 07:50 PDT)</u>       Date Signed: <u>Sep 30, 2024</u>